## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| REGINA NOCK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOARDROOM, INC. D/B/A/ BOTTOM LINE INC.,<br><br>Defendant. | Case No. 22-cv-11296-BAF-EAS<br><br>Hon. Bernard A. Friedman<br><br>Mag. Elizabeth A. Stafford |

## JOINT CASE MANAGEMENT STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's July 5, 2023 Order (ECF No. 30), Plaintiff Regina Nock ("Plaintiff") and Defendant Boardroom, Inc. d/b/a Bottom Line, Inc. ("Defendant") hereby submit the following Joint Case Management Statement.

## I.      JURISDICITON

The Court has subject-matter jurisdiction over this action because the Complaint alleges that (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) the proposed class is comprised of at least 100 members.  *See* 28 U.S.C. § 1332(d)(2)(A), (5)(B).

## II.    STATEMENT OF THE CASE

In this putative class action, Plaintiff alleges that prior to July 31, 2016 – specifically, between March 2, 2016 (six years, the applicable limitation period, plus 101 days, the period of time the limitation period was tolled by orders of the Governor of Michigan and the Michigan Supreme Court during the COVID-19 pandemic) and July 30, 2016 – Defendant rented, exchanged, and/or otherwise disclosed its Michigan customers' personal reading information (concerning their purchases of Defendant's newsletters and other publications) to numerous third parties, including, but not limited to, data aggregators, data appenders, data cooperatives, and list brokers.  Plaintiff alleges that by renting, exchanging, and/or otherwise disclosing such personal information between March 2, 2016 and July 30, 2016, without notice or consent, Defendant violated Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id*. § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA").  Accordingly, Plaintiff brought this action on behalf of herself and all similarly-situated Michigan customers to recover statutory damages, costs, and reasonable attorneys' fees.

Defendant denies all allegations.  Defendant contends that it did not improperly rent or exchange Plaintiff's personal information without notice or consent.  Defendant further contends that any disclosures that it made were

2

consistent with the provisions of the PPPA.  Defendant also contends that neither Plaintiff nor any other members of the putative class were injured or damaged by the alleged disclosure of personal information to third parties.

On May 19, 2023, the Court issued an Opinion denying Defendant's Motion to Dismiss the Complaint. (ECF No. 27.) On June 2, 2023, Defendant responded to the Complaint with an Answer and Affirmative Defenses.  (ECF No. 28.)

## III.    PRINCIPAL ISSUES

The principal factual and legal issues include:  (i) whether Defendant rented exchanged, and/or otherwise disclosed Plaintiff's and the putative Class's personal reading information between March 2, 2016 and July 30, 2016 to any other person; (ii) whether Defendant was engaged in the business of selling publications "at retail"; and (iii) whether this matter is properly maintainable as a class action.

## IV.    RELATED CASES

There are no related cases to report at this time.

## V.    AMENDMENT OF PLEADINGS

At this time, based on information recently provided to Plaintiff's counsel, Plaintiff anticipates the need to potentially add or substitute in a defendant in this case, and if necessary will do so at the appropriate time in accordance with Rule 15. The parties do not otherwise anticipate the need to amend the pleadings or add any additional party-defendants.

## VI.   DISCOVERY

### A.   Initial Disclosures

The parties will exchange initial disclosures by **August 7, 2023**.

### B.   Topics of Discovery

Plaintiff believes that discovery will be needed in the following areas: (i) the manner by which Defendant purports to obtain its customers' consent to rent, exchange, and/or otherwise disclose their personal reading information; (ii) any written notice Defendant provided to Plaintiff and the putative Class of their right to not have their information rented, exchanged, or otherwise disclosed to third parties; (iii) the identities of any third parties that received Defendant's customers' information between March 2, 2016 and July 30, 2016; (iv) copies of all transmissions of customers' information to third parties between March 2, 2016 and July 30, 2016; (v) the contracts between Defendant and other third parties relating to the rentals, exchanges, and/or other forms of disclosures at issue; (vi) any and all contracts between Defendant and Plaintiff and the putative Class; (vii) subscription and payment records of Plaintiff and the putative class; and (viii) the size of the putative Class and identities of the putative Class members.

Defendant believes that discovery will be needed in the following areas: (i) evidence of Plaintiff's subscription to any Bottom Line newsletter, including

4

the process and method by which Plaintiff subscribed; (ii) evidence regarding the scope of Plaintiff's disclosure of her personal information to other subscription services, retailers, or other entities; (iii) evidence of whether Plaintiff has ever opted out of any disclosure of personal information; (iv) Plaintiff's understanding of Bottom Line's and other publishers' practices relating to the disclosure of subscription information; (v) any alleged injury, damage, or harm Plaintiff claims to have suffered as a result of the alleged disclosures by Bottom Line in the relevant period; and (vi) any value Plaintiff ascribes to the confidentiality of her magazine subscription status.

**C.    Proposed Case Schedule**

**i.    Plaintiff's Proposed Schedule**

Plaintiff proposes the following discovery schedule:

- **Deadline to Amend or Add Parties:** October 16, 2023

- **Deadline to Disclose Expert Reports:** January 15, 2024

- **Deadline to Disclose Rebuttal Expert Reports:** February 25, 2024

- **Deadline to Complete Discovery**: April 18, 2024

- **Deadline to File Motion for Class Certification:** June 3, 2024

- **Deadline to Oppose Motion for Class Certification:** July 3, 2024

- **Deadline to File Dispositive Motions:** 60 days after ruling on class certification

- **Pretrial Conference Date:** 30 days after ruling on dispositive motions

Plaintiff believes that discovery should proceed in the ordinary course and should not be conducted in phases, as Defendant proposes below. The Complaint alleges that Defendant systematically disclosed, inter alia, its entire subscriber file – comprised of Plaintiff's information as well as all putative class members' information – to various third parties during the relevant time period, such that any disclosures of Plaintiff's information would necessarily include the information of putative class members.  Thus, the issues and discoverable materials pertaining to the named Plaintiff almost entirely overlap with the issues and discoverable materials pertaining to the putative class.  Plaintiff's counsel notes that, in the handful of PPPA cases (out of the dozens that have been litigated in the past 8 years) where discovery was phased in the manner Defendant proposes, this approach led to numerous inefficiencies, discovery disputes, and duplicative discovery efforts.  In this case in particular, given the passage of time and the purported sale of Defendant's assets, it is important for Plaintiff to obtain all discoverable materials in this case as soon as possible to minimize risks of spoliation.

### ii.    Defendant's Proposed Schedule

Defendant proposes phased discovery.  Fact discovery shall be conducted in two phases, with Phase I limited to the claims of the individually named Plaintiff, and the second phase concerning the claims of the putative class.  Any subject on which

discovery may be needed that goes beyond the scope of Phase I discovery (confined to Plaintiff's individual claims alone) will be addressed in Phase II.  Fact Discovery as to Phase I shall be completed no later than April 18, 2024.

     i.    Phase I initial interrogatories and requests for production of documents to be served by August 21, 2023.

     ii.    Joint submission of a proposed Protective Order governing the production and exchange of confidential information for both phases due by September 25, 2023.

     iii.    Amendments to Complaint, including addition of additional parties, to be completed by November 27, 2023

     iv.    Document production as to Phase I shall be produced on a rolling basis at reasonable intervals and shall be substantially completed by January 15, 2024.

     v.    Phase II class discovery to be commenced within 14 days of the Court's ruling on any Motion for Summary Judgment on the Named Plaintiff's individual claims, with completion dates to be set in a further order.

Defendant believes that conducting discovery in phases will result in efficiencies given the circumstances of this case.  Defendant sold its assets and business operations well before Plaintiff commenced this case, and Defendant is no longer a

going concern.  Plaintiff seeks recovery based on alleged facts that, if they occurred at all, took place during a window of no more than four months, nearly six years before the commencement of this case.   Under these circumstances, Defendant believes that the parties' access to relevant information will be extremely limited and broader discovery will be necessarily burdensome and costly.   Limiting initial discovery to the claims of the named Plaintiff may result in earlier resolution of the case, leading to cost savings for all parties and furthering judicial economy. Defendant further states that Plaintiff's asserted concern regarding spoliation of evidence is baseless.

In the event the Court declines to adopt phased discovery, Defendant proposes a slightly modified schedule, that adds approximately 30 days to most dates in Plaintiff's proposed schedule:

- **Deadline to Amend or Add Parties:** October 16, 2023

- **Deadline to Disclose Expert Reports:** February 16, 2024

- **Deadline to Disclose Rebuttal Expert Reports:** March 25, 2024

- **Deadline to Complete Discovery**: May 17, 2024

- **Deadline to File Motion for Class Certification:** July 5, 2024

- **Deadline to Oppose Motion for Class Certification:** August 5, 2024

- **Deadline to File Dispositive Motions:**   60 days after ruling on class certification

- **Pretrial Conference Date:** 30 days after ruling on dispositive motions

### D.    Anticipated Motions

Plaintiff anticipates filing a motion for class certification at the close of discovery and a motion for summary judgment at the appropriate time.  Plaintiff notes that, because this is a putative class action, any motion for summary judgment Defendant files prior to a decision on class certification (as it proposes below) would waive Defendant's right to enforce the rule against one-way intervention, and in that scenario Plaintiff would thus be permitted to file a cross motion for summary judgment prior to class certification (without being precluded from later moving for class certification).

Defendant anticipates filing a motion for summary judgment at the appropriate time.  Defendant proposes that, in the event the Court orders phased discovery, the parties will meet and confer and submit a proposed agreed briefing schedule on their motions for summary judgment no later than one week before the close of Phase I discovery.

## VII.  LENGTH OF TRIAL

The parties estimate that trial will last approximately 2-5 court days, depending on whether the case is tried on an individual or class basis.

## VIII.  SETTLEMENT AND ADR

9

Plaintiff is willing to participate in a private mediation and proposes that the parties select a mutually agreeable mediator and schedule a mediation within the next 60 days.

Defendant is willing to engage in informal settlement discussions at this juncture, and would be willing to participate in a settlement conference before a magistrate judge.

## IX.   INSURANCE

The parties propose that they exchange the insurance disclosures required by Rule 26(a)(1) in their respective initial disclosures, and exchange copies of any potentially applicable policies of insurance together with those disclosures. Defendant does not believe any insurance policies afford coverage for Plaintiff's claim.

Dated:  July 17, 2023                        Respectfully submitted,

**REGINA NOCK**, individually and on behalf of all others similarly situated,

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta (P85228)

**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
Arun G. Ravindran
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
fhedin@hedinhall.com
aravindran@hedinhall.com

*Counsel for Plaintiff and the putative class*

Jon M. Bylsma
333 Bridge Street NW, Suite 1700
Grand Rapids, MI 49504
(616) 336-6530
jmbylsma@varnumlaw.com

Davis+Gilbert LLP
David S. Greenberg
Angela M. Dunay
1675 Broadway
New York, NY 10019
(212) 468-4800
dgreenberg@dglaw.com
adunay@dglaw.com

*Attorneys for Defendant Bottom Line, Inc.*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2023, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

<div style="margin-left: 40%;">

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com

</div>